# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06-cv-1970 |
| VERSUS | : | JUDGE MINALDI |
| R S U I INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the Court are three motions to compel filed by plaintiff Cameron Parish School Board ("Plaintiff"): Plaintiff's *Motion to Compel*, [Doc. 59]; Plaintiff's *Motion to Compel Reinsurance Information*, [Doc. 62]; and Plaintiff's *Motion to Compel Certain Documents Withheld on Anticipation of Litigation Grounds* [Doc. 65]. On June 19, the Court heard arguments regarding these motions and subsequently issued an order granting in part Plaintiff's motions. However, the Court withheld judgment on the remainder of these three motions pending review of certain documents withheld by defendant RSUI Indemnity ("RSUI" or "Defendant") on the grounds of attorney-client privilege, work-product doctrine, proprietary privilege, or based on the assertion that the documents sought are not likely to lead to admissible evidence. The Court has concluded *in camera* review of the documents in question and will rule on each in the discussion that follows.

## DOCUMENTS SUBMITTED

RSUI submitted roughly 100 pages of documents along with three separate privilege logs that group the documents into three subsets. The first group, entitled simply "Revised Privilege Log," is the log for documents not otherwise categorized but apparently culled from RSUI's

underwriting file (hereinafter the "Underwriting Log"). The second "Revised Privilege Log" bears the description "Claim # 7030006965" and includes documents from RSUI's claim file (the "Claim File Log"). The third and final "Revised Privilege Log" is subtitled "File of Gerald Griffin" (the "Adjuster Log"). Each privilege log identifies and describes the contents of each item, listing the "Bate No.", "Date," "Document Type," "Subject," "Author," "Recipient," "CC'S," and a notation for the type of privilege asserted. The Underwriting Log includes 15 items; the Claim File Log lists 23 items; and the Adjuster Log contains 11. For some documents listed, an accompanying notation indicates that the document itself was produced but certain information was redacted. The court has reviewed each item listed on these three logs.

## LAW AND ANALYSIS

### I.

*Motion to Compel*

In general, discoverable material must be relevant but need not be admissible if it "appears reasonably calculated to lead to the discovery of admissible evidence". FED. R. CIV. P. 26(b)(1). Consequently, "[d]iscoverable information is not limited to admissible evidence." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Whether a party's discovery requests are relevant thus turns on whether they are "reasonably calculated" to lead to evidence admissible as to the claims at issue. In the instant case, Plaintiff's claims include breach of contract for failure to timely and properly adjust covered losses, and arbitrary and capricious conduct (bad faith) in violation of LSA-R.S. 22:658 and LSA-R.S. 22:1220. Therefore, the analysis must focus on whether the information sought is reasonably calculated to lead to admissible evidence probative of breach of contract or bad faith.

2

Plaintiff wants the Court to compel production of certain documents listed on the three logs. Defendant has withheld these documents because it contends that the information contained therein is not relevant to Plaintiff's claims. At the hearing, counsel for Plaintiff urged the Court to inspect the disputed documents in order to resolve the question of relevance.

The Court notes that in each case in which Defendant has withheld a document or documents on the basis of relevance, Defendant has also argued for a proprietary privilege. However, the parties have recently agreed to and the court has signed a protective order [Doc. 89]. Consequently, the Court finds that the assertion of "proprietary privilege" is not a sufficient basis upon which to withhold any document sought. For purposes of this memorandum order, any reference to or assertion of proprietary privilege will be disregarded.

*Analysis of Items Listed on the Claim File Log*

Of the 23 items listed on the Claim File Log, RSUI contends that nine items contain information that need not be disclosed because the documents in question contain information that is not relevant to Plaintiff's claims. Of these nine items, two include documents that have already been disclosed to Plaintiff, albeit with portions redacted. Upon review, the Court agrees with Defendant that the information withheld is not relevant to the instant cause of action and that the production of this information is not likely to lead to admissible evidence. Accordingly, the Court will not compel disclosure of any of the information in these documents.

*Analysis of Items Listed on the Adjuster Log*

Eleven items are listed on the Adjuster Log. RSUI contends that eight of the items in question need not be disclosed, either because the documents themselves are not relevant to Plaintiff's case, or because the redacted portions of documents already produced contain

information that is not relevant. The Court agrees with Defendant that the information sought is not relevant.

In accordance with the foregoing, the Court will deny those portions of Plaintiff's *Motion to Compel* that the Court had taken under advisement.

## II.

*Motion to Compel Reinsurance Information*

Plaintiff has filed a motion to compel RSUI to produce certain information regarding its reinsurance coverage with respect to Plaintiff's policy. Plaintiff argues that the information sought is relevant to RSUI's assessment of the value and, hence, the disputed preexisting condition of Plaintiff's covered property. Plaintiff also contends that reinsurance information is relevant to RSUI's own assessment of its exposure in writing Plaintiff's policy, which is turn is relevant to its handling of the claim and whether the claim was adjusted in bad faith, as alleged.

Defendant argues that, in an action for breach of contract, reinsurance information constitutes extrinsic evidence, which is generally inadmissible when there has been no finding of contract ambiguity. In addition, Defendant contends that the identity of and communications with its reinsurance carriers are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The Court agrees with Defendant that reinsurance information is not relevant to Plaintiff's breach of contract claim. However, as regards bad faith, the Court agrees with Plaintiff, and with the logic of other federal courts applying Louisiana law that have held that reinsurance information may be probative of bad faith. *See, e.g., Kadlec Med. Center. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 426 n.37 (5th Cir. 2008) (citing *Am. Fid. & Cas. Co.*

4

*v. Greyhound Corp.*, 258 F.2d 709 (5th Cir. 1958)); *Fireman's Fund Ins. Co. v. Community Coffee Co.*, 2007 WL 647293 *1 (E.D. La. Feb. 28, 2007) (holding that communications between insurer and reinsurers is reasonably calculated to lead to the discovery of admissible evidence); *Ohio Mgmt. LLC v. James River Ins. Co.*, 2006 WL 1985962 *2 (E.D. La. Jul. 13, 2006) (granting motion to compel reinsurance information).

The Court finds that the information sought may be probative of RSUI's assessment of the condition of Plaintiff's property and to RSUI's handling of the claim. Each of these issues is relevant in turn to Plaintiff's allegations of bad faith. The Court makes no forecast as to whether this reinsurance information will be admissible at trial, but does agree that Plaintiff's request is reasonably calculated to lead to admissible evidence. Therefore, absent assertion of a valid privilege, the Court finds that information on the nature and scope of RSUI's reinsurance strategy as to Plaintiff's policy is discoverable.

The Court has reviewed each and every item listed on the Underwriting Log. In accordance with its finding that reinsurance information is discoverable, the Court will compel production of all 15 items listed on the Underwriting Log, namely all pages Bate numbered "RSUI U/W 0097" through "RSUI U/W 0166" (inclusive). Therefore, the Court will grant the remainder of Plaintiff's *Motion to Compel Reinsurance Information*.

### III.

*Motion to Compel Certain Documents Withheld
on Anticipation of Litigation Grounds*

Several items listed in the Claim File privilege log and one from the Adjuster Log have been withheld because RSUI contends that the documents were prepared in anticipation of

litigation. This contention implicates the "work product" doctrine. In two instances, Defendant also contends that the items in question are subject to attorney-client privilege.

A. Work Product

Although sometimes classified as a privilege, the work product rule is not a privilege but a qualified immunity from discovery that may be overcome by a proper showing. *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). In order to qualify for protection under the work product doctrine, the material in question must: (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative. FED. R. CIV. P. 26(b)(3); *see also* 8 Wright and Miller, *Federal Practice and Procedure:* Civil § 2024 (1970). Rule 26(b)(3) expressly extends protection to materials prepared by or for a representative of a party, including his agent. *See* Advisory Committee Note to Rule 26(b)(3), 48 F.R.D. 497, 502 (1970). The protection conferred by the doctrine is a qualified immunity because the party seeking the material may yet obtain work product upon a showing that he has "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." FED. R. CIV. P. 26(b)(3). Thus, there are two prongs to the work product analysis: the "in anticipation of litigation" prong, and the "hardship" prong.

However, Federal Rule of Civil Procedure 26 accords special protection from disclosure to work product that reveals an attorney's mental processes. FED. R. CIV. P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947). Work product that exposes an attorney's mental impressions, conclusions, opinions, or legal theories cannot be disclosed simply on a showing of substantial need or inability to obtain the equivalent without undue hardship. FED. R. CIV. P.

26(b)(3).

*Analysis of Items Listed on the Claim File Log*

Fourteen items listed on the Claim File Log have been withheld because RSUI contends that these items are documents prepared in anticipation of litigation. The Court has reviewed each document in question. Each document is (1) a writing; (2) prepared in anticipation of litigation; and 3) by a party or its representative(s). Thus, the Court finds that each is protected from discovery unless Plaintiff has substantial need and faces undue hardship. The Court reads nothing in any of these documents to suggest that Plaintiff will be prejudiced by the failure to produce, nor is there anything in the pleadings to suggest substantial need for the information contained therein. Therefore, the Court finds that these documents need not be disclosed.

*Analysis of Items Listed on the Adjuster Log*

The last item withheld on the basis of the work product rule is the first item listed on the Adjuster Log, an e-mail chain about "Plaintiff's Complaint." RSUI contends that this document was prepared in anticipation of litigation. The Court agrees and finds that this item is protected from discovery unless Plaintiff has substantial need and faces undue hardship. The Court perceives nothing in these documents to suggest the potential for prejudice, nor is there a basis to conclude Plaintiff has substantial need. Therefore, the Court finds that this document need not be disclosed.

B. <u>Attorney-Client Privilege</u>

Two items listed on the Claim File privilege log have been withheld because RSUI asserts attorney-client privilege. The attorney-client privilege relates to communications made to a member of the bar or his subordinate, in confidence, for the purpose of securing legal advice,

assistance, or representation. *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). The privilege is based upon two related premises: (1) that an attorney needs to know all that "relates to the client's reasons for seeking representation if the professional mission is to be carried out"; and (2) that privilege is necessary "to encourage clients to make full disclosure to their attorneys." *Upjohn Corp. v. United States*, 449 U.S. 383, 389 (1981). The question of attorney-client privilege is governed by a federal common law of criminal evidence. *United States v. Woodall*, 438 F.2d 1317, 1327 (5th Cir. 1971) (en banc). Under Federal Rules of Evidence, "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience," govern over state law in matters of evidence, which includes privileges. FED. R. EVID. 501.

Courts tend to construe attorney-client privilege narrowly because, although its purpose is to "encourage frank and full communication between attorneys and their clients and thereby promote broader public interest in the observance of the law and administration of justice," assertion of privileges inhibits the search for truth. *Upjohn Corp.*, 449 U.S. at 389. The burden of proof regarding a privilege's applicability rests on the party invoking it. *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719 (5th Cir. 1985). Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions. *Id*.

"RSUI CL 0222" is described as an e-mail about "Receipt of Suit." RSUI claims it is a document prepared in anticipation of litigation and subject to attorney-client privilege. The Court finds that the document constitutes a communication made to a member of the bar for the purpose of securing legal advice and assistance. Because the Court is unaware of any allegations contradicting defendant's implied assertion of confidentiality, the Court finds that attorney-client

privilege applies.

The final item, "RSUI CL 0226" through "RSUI CL 0227," is an e-mail with attached letter described as "Acknowledgement Letter." RSUI asserts attorney-client privilege and anticipation of litigation. The Court finds that this message constitutes a communication made to a member of the bar for the purpose of securing legal advice and assistance. Because attorney-client privilege applies, the Court will not compel disclosure.

Thus, with regard to those items withheld by Defendant on the basis of attorney-client privilege or the work product rule, the Court finds that the documents in question are protected and need not be disclosed.

**CONCLUSION**

In its order of June 19, 2008 [Doc. 82], this Court granted in part Plaintiff's *Motion to Compel* [Doc. 59], and Plaintiff's *Motion to Compel Reinsurance Information* [Doc. 62], taking under advisement the remaining elements of said motions. In that same order, the Court announced that it would take under advisement Plaintiff's *Motion to Compel Certain Documents Withheld on Anticipation of Litigation Grounds* [Doc. 65]. Having completed its review of documents submitted for *in camera* inspection, the Court will compel production of all documents listed on the Underwriting Log because the Court finds that reinsurance information may be relevant to Plaintiff's claims of bad faith. However, the Court will not compel production of any other documents sought to be compelled by Plaintiff.

Accordingly,

IT IS ORDERED that Plaintiff's *Motion to Compel*, [Doc. 59], be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's *Motion to Compel Certain Documents Withheld on Anticipation of Litigation Grounds*, [Doc. 65], be and is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff's *Motion to Compel Reinsurance Information*, [Doc. 62], be and is hereby GRANTED and that counsel for Defendant shall deliver to counsel for Plaintiff a copy of each document listed on what the Court refers to as the "Underwriting Log," said documents identified by Bate numbers "RSUI U/W 0097" through "RSUI U/W 0166" (inclusive).

IT IS FURTHER ORDERED that Defendant search for any document or documents stamped or identified as "EM 00354" and deliver same to the Court for *in camera* inspection.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 23rd day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE