U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 25 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 1970 |
| VS. | : | JUDGE MINALDI |
| RSUI INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is Motion to Bifurcate Trial [doc. 28], filed by the defendant RSUI Indemnity Company (hereinafter "RSUI"). The plaintiff, Cameron Parish School Board (hereinafter "CPSB") filed an Opposition [doc. 58]. RSUI filed a Reply [doc. 75].

This suit arises out of CPSB's claims against insurer RSUI for property damage incurred during Hurricane Rita. CPSB seeks additional coverage as well as bad faith damages and penalties pursuant to La. Rev. Stat. Ann. § 22:658 and § 22:1220. RSUI seeks to bifurcate the insurance coverage issues from CPSB's bad faith claims. RSUI argues that bifurcation would avoid substantial prejudice. RSUI also maintains bifurcation is in the interest of judicial economy because if the jury finds RSUI adequately compensated CPSB, the jury will not need to address bad faith penalties and damages. Moreover, RSUI argues that it will present different witnesses and evidence for each issue, and thus, at a minimum, bifurcation will not hinder judicial economy.

CPSB argues that it would be detrimental to judicial economy and inconvenient for the parties and witnesses to endure two separate trials with the same factual and legal issues, evidence, and witnesses. CPSB states that its four expert witnesses will testify on causation and damages, which

1

necessarily pertain to bad faith. CPSB states that its fact witnesses will testify on damages and documentation, which also are relevant to bad faith. Further, CPSB notes that any possible prejudice to RSUI can be cured by jury instructions. Lastly, CPSB cites several Hurricane Katrina cases where the district court rejected bifurcation.

Pursuant to Fed. R. Civ. P. 42(b), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim..." The decision to bifurcate a trial is squarely within the discretion of the trial judge. *First Texas Savings Assn. v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992). Moreover, bifurcation is "not the usual course that should be followed." *Houston McLane Co., Inc. v. Connecticut General Life Ins.*, 2006 WL 3050812, *2 (S.D. Tex. 10/24/05) (citing *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993)).

The Eastern District of Louisiana has considered whether to bifurcate similar cases arising from Hurricane Katrina, and found that bifurcation was not appropriate because the evidence on coverage and bad faith is interwoven to a large extent, judicial economy would not be served, and the court could cure any prejudice with jury instructions. *See, e.g., Ferguson v. State Farm Ins. Co.*, 2007 WL 102127, *1 (E.D. La. 1/9/07) (finding that any prejudice to the defendant insurer did not warrant bifurcation because "judicial resources are being strained to accommodate the record number of suits filed after the storm"); *Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.*, 2007 WL 925845, *3 (E.D. La. 3/23/07) (rejecting a motion for bifurcation, finding that any prejudice to the insurer "can be cured by appropriate instructions to the jury"); *Plaquemines Parish Law Enforcement Dist. v. RSUI Indemnity Co.*, 2007 WL 4442350, * 2 (E.D. La. 12/17/07)(denying bifurcation because "duplicative trials would unnecessarily burden the Court's already overcrowded docket").

This Court agrees with the rationale contained in the aforementioned opinions. The witnesses and evidence will necessarily pertain to both coverage and bad faith, and thus judicial economy is not served by bifurcation. Any prejudice that may arise from adjudicating coverage and bad faith together can be cured by jury instructions; accordingly,

IT IS ORDERED that RSUI's Motion to Bifurcate Trial [doc. 28] is hereby DENIED.

Lake Charles, Louisiana, this 25 day of August, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE