U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 1970 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| RSUI INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is a Motion For Partial Summary Judgment as to Applicability of Louisiana's Valued Policy Law (hereinafter "VPL") [doc. 36], filed by the plaintiff, Cameron Parish School Board (hereinafter "CPSB"). The defendant, RSUI Indemnity Company (hereinafter "RSUI"), filed an Opposition [doc. 54]. RSUI filed a Reply [doc. 76].

This suit arises out of CPSB's claims against insurer RSUI for property damage incurred during Hurricane Rita. CPSB seeks a partial summary judgment ruling that "as a matter of law, the VPL[1] requires an insurer to pay the face value of a policy when a covered peril is determined to be the efficient proximate cause of a total loss."[2] CPSB relies upon a case from Louisiana's Third Circuit, *Landry v. La. Citizens Prop. Ins. Corp.*, 2007-247 (La. App. 3 Cir. 8/28/07); 964 So.2d 463.

The Fifth Circuit has made clear that "Louisiana's VPL does not apply when a total loss does not result from a covered peril." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 241

---

[1] La. Rev. Stat. Ann. § 22:695.

[2] Pl.'s Mem. in Support of Mot. for Summ. J. [doc. 36], at 7-8.

1

(5th Cir. 2007). In *Chauvin*, the Fifth Circuit found the VPL was ambiguous and susceptible of two possible meanings.[3]  *Id.* at 238. Examining the legislative intent and purpose for Louisiana's VPL, the Fifth Circuit concluded that "the insurers' construction of the VPL best conforms with its legislative purpose and thus, the VPL only requires an insurer to pay the agreed face value of the insured property if the property is rendered a total loss from a covered peril." *Id.* at 239.

In *Landry*, Louisiana's Third Circuit acknowledged *Chauvin*, but noted that "we must part company with our federal friends" on the holding that the VPL does not require insurers to pay the policy limits when the insured property was rendered a total loss in part by a non-covered peril. *Id.* at 479 (finding that the Fifth Circuit's interpretation conflicts with Louisiana state court decisions). Thus, the *Landry* court adopted a different approach, stating that:

> once a factual determination is made that the covered peril was the "efficient or proximate cause" of the total loss, the insurer is prevented from relying on any clause, condition, or exclusion in the insurance contract to reduce, nullify, or offset its obligation to pay the "full face value" of the policy unless another "valuation" method, i.e., cash value, was set forth in the application and the policy.

*Id.* at 480.

The Louisiana Supreme Court granted certiorari in *Landry* and issued its opinion on May 21, 2008. *Landry v. La. Citizens Prop. Ins. Corp.*, 983 So.2d 66 (La. 2008). The Louisiana Supreme Court vacated the Third Circuit's "efficient or proximate cause doctrine" ruling, stating that "[b]ecause discussion of those issues (burden of proof and causation) was unnecessary, we

---

[3] The Fifth Circuit stated it could either interpret the VPL to (1) require an insurer to pay the agreed full value of a policy "as long as a covered loss causes some damage to the property, even if a non-covered peril renders the property a total loss;" or (2) require an insurer to pay the agreed face value of a policy only when the property is "rendered a total loss by a covered loss." *Chauvin*, 495 F.3d at 238.

2

have vacated that portion of the court of appeal judgment..." *Id.* at 83. Moreover, in *In re: Katrina Canal Breaches Litigation*, the Fifth Circuit stated "[w]e express no opinion on the extent to which Louisiana follows the efficient-proximate-cause rule in the context of all-risk policies because we conclude that the rule is inapplicable to this case." 495 F.3d 191, 222 n.28 (5th Cir. 2007).

The Louisiana Supreme Court issued *Landry* two days after CPSB filed this Motion for Partial Summary Judgment. In Opposition, RSUI noted that *Landry* vacated the Third Circuit's ruling. After the Third Circuit's ruling on the efficient or proximate cause doctrine was vacated, CPSB filed its Reply making the same argument without mentioning that the case upon which it relied had since been vacated. Not only does CPSB's argument ask this Court to disregard the Fifth Circuit's ruling in *Chauvin*, but the sole case upon which CPSB relied has since been vacated.

The Fifth Circuit's position on Louisiana's VPL is clearly articulated in *Chauvin*: the VPL "does not apply when a total loss does not result from a covered peril." CPSB states that its Motion does not involve an issue of fact,[4] so this Court assumes that RSUI's assertion that CPSB's property was damaged by a combination of wind (a covered peril) and flood (an excluded peril) is not contested.[5] Accordingly, this case falls squarely within *Chauvin*'s holding and there is no need to go further.

CPSB also argues that the VPL is not limited to losses caused by fire. In *Chauvin*, the

---

[4] *Id.* at 3.

[5] Def.'s Mem. in Opposition to Pl.'s Mot. for Summ. J. [doc. 54], at 6 (noting that CPSB's own experts admit the loss was not restricted to a covered peril).

Fifth Circuit assumed for the purposes of its opinion that the VPL applies to non-fire perils. 495 F.3d at 237 (noting that "[b]ecause we conclude that the VPL does not apply to a total loss not caused by a covered peril, we assume for purposes of this opinion that the VPL applies to non-fire perils"). The Louisiana Supreme Court also refrained from ruling on whether the VPL applies to non-fire losses in *Landry*, stating "[b]ecause of the unique issues presented with respect to the applicability of La. Rev. Stat. 22:695 to this homeowner's policy, and because we reach the same result whether the statute applies or does not apply to the instant case, we need not resolve the question of the applicability of the statute in this particular case." 983 So.2d at 75-76. This Court similarly refrains from ruling on whether the VPL applies to non-fire losses.

For the foregoing reasons,

IT IS ORDERED that CPSB's Motion For Partial Summary Judgment as to Applicability of Louisiana's VPL [doc. 36] is hereby DENIED.

Lake Charles, Louisiana, this _____ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4