U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP - 8 2008

ROBERT H. SHEMWELL, CLERK
BY _____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAMERON PARISH SCHOOL BOARD** | : | **DOCKET NO. 2:06 CV 1970** |
| VS. | : | **JUDGE MINALDI** |
| **RSUI INDEMNITY COMPANY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is the defendant RSUI Indemnity Company's (hereinafter "RSUI") Motion For Partial Summary Judgment Regarding Offset for Other Insurance [doc. 27]. The plaintiff, Cameron Parish School Board (hereinafter "CPSB"), filed an Opposition [doc. 55]. RSUI filed a Reply [doc. 79]. CPSB filed a Cross-Motion for Partial Summary Judgment as to Inapplicability of Defendant's Fifteenth Affirmative Defense of Offset [doc. 35]. RSUI filed an Opposition [doc. 53]. CPSB filed a Reply [doc. 77].

## FACTS

RSUI issued CPSB a scheduled commercial property insurance policy, number NHD337402, which excluded flood.[1] CPSB also maintained a flood policy issued by State Farm acting as a fiduciary under the National Flood Insurance Program (hereinafter "NFIP") policy insuring the same properties as the RSUI policy.[2] The properties owned by CPSB suffered

---

[1] Def.'s Ex. 1 (Billy Adams Aff.)

[2] Def.'s Ex. 2 (State Farm Policy).

1

significant damage as a result of Hurricane Rita on September 24, 2005.[3] RSUI made two partial payments for $4,513,419 and $6,202,563.18.[4] CPSB also received payments totaling $4,000,000 and $2,685,448.80 for building and contents, respectively, pursuant to the State Farm Policy.[5] RSUI's policies have a limit of $38,409,750 for building and $6,094,268 for contents for all the properties contemplated by the policy.[6] CPSB has also received federal assistance from FEMA for losses not covered by its insurance policies.[7]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate

---

[3] Compl. [doc. 1].

[4] *Id.* ¶ 31.

[5] Def.'s Ex. 2 (State Farm Policy).

[6] Def.'s Ex. 1 (RSUI Policy).

[7] Pl.'s Mem. in Support of Motion For Partial Summary Judgment as to Inapplicability of Defendant's Fifteenth Affirmative Defense of Offset, p. 8.

specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

RSUI notes that CPSB was paid a settlement for flood damages pursuant to a National Flood Insurance Program (hereinafter "NFIP") policy and will receive additional funds from a Federal Emergency Management Agency policy (hereinafter "FEMA"). RSUI thus argues that any additional payment to CPSB under its separate wind policy should be offset by the amounts already paid. CPSB argues that the relevant case law forbids RSUI from offsetting NFIP monies.

The purpose of an insurance policy is to indemnify the owner against loss by placing the owner in the same position as if no loss had taken place *Berkshire Mut. Ins. Co. v. Moffett*, 378 F.2d 1007, 1011 (5th Cir. 1967). Courts enforce this policy by only paying "actual losses." *See Tejador v. State Farm Fire & Cas. Co.*, 2006 WL 3257526, *2 (S.D. Miss. 11/06/06) (stating that the actual loss is the maximum recovery a policy holder may receive from all applicable policies of insurance). "A plaintiff whose property sustains damage from flood and wind can clearly recover for his segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss." *Esposito v. Allstate Ins. Co.*, 2007 WL 1125761, at *2 (E.D. La. 4/16/07). CPSB may thus recover "any previously uncompensated losses that are covered by the [commercial] policy and when combined with [its] flood proceeds do not exceed the value of the property." *Id.* CPSB thus cannot receive a double recovery "by now recharacterizing as wind

3

damages those losses for which they have already been compensated by previously attributing them to flood waters." *Id.*; *see also In re Cameron Parish*, 2007 WL 2066813, *4 (W.D. La. 07/13/07) (holding that the insured may be estopped from recharacterizing as wind damage losses for which he has accepted flood insurance compensation); accordingly,

IT IS ORDERED that RSUI's Motion for Partial Summary Judgment Regarding Offset For Other Insurance is hereby GRANTED insofar as CPSB cannot recover under the RSUI policy for any damages for which CPSB has previously been compensated under its flood policy,

IT IS FURTHER ORDERED that CPSB's Motion for Partial Summary Judgment as to Inapplicability of Defendant's Fifteenth Affirmative Defense of Offset is hereby DENIED.

Lake Charles, Louisiana, this __8__ day of __Sept__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE