U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 25 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 1970 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| RSUI INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment on the Issue of Bad Faith [doc. 25], filed by the defendant, RSUI Indemnity Company (hereinafter "RSUI"). The plaintiff, Cameron Parish School Board (hereinafter "CPSB"), filed an Opposition [doc. 50]. RSUI filed a Reply [doc. 74].

### FACTS

Plaintiff CPSB is a political subdivision of the State of Louisiana to whom Defendant RSUI sold an "all-risk policy," covering loss caused by any peril not specifically excluded.[1] The policy was a scheduled commercial property insurance policy, number NHD337402, in effect from October 1, 2004 through October 1, 2005.[2] The policy also contained a Cause of Loss provision, which provided:

> B. Exclusions
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is

---

[1] Def.'s Statement of Uncontested Facts [doc. 24-6] ¶¶ 1, 3.

[2] *Id.* ¶ 4.

1

> excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>   g. Water
>   (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>   (2) Mudslide or mudflow;
>   (3) Water that backs up or overflows from a sewer, drain or sump; or
>   (4) Water under the ground surface pressing on, or flowing or seeping through:
>     (a) Foundations, walls, floors or paved surfaces
>     (b) Basements, whether paved or not; or
>     (c) Doors, windows or other openings.[3]

Based on reports from RSUI's adjuster, Gerry Griffin, RSUI issued two checks to CPSB totaling $10.7 million.[4] CPSB filed suit on September 25, 2006 seeking recovery from RSUI for covered losses under the RSUI wind policy, as well as bad faith damages.[5] During litigation, RSUI hired Nelson Architectural Engineers (hereinafter "Nelson") to estimate the amount of damage caused by both wind and storm surge. Nelson concluded that the cost of repairs associated with the storm surge, with the assumption that the buildings received no wind damage, was significant at all locations except for Grand Lake High School.[6] CPSB hired an expert, Weidlinger Associates, to assess the same.[7] Nelson concluded that the total amount of property damage caused by wind was

---

[3] Def.'s Ex. 1 (Policy).

[4] Pl.'s Exs. B & G. The checks were issued on April 4, 2006 and July 31, 2006.

[5] Pl.'s Mem. in Support of Mot. For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37], at 1.

[6] Def.'s Ex. B (Kerry S. Lee Aff.).

[7] *Id.*

$5,065,505.[8]

## SUMMARY JUDGMENT STANDARD

According to Fed. R. of Civ. P. 56, summary judgment should be granted when the movant demonstrates that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. It is the movant's initial burden to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). Once a proper motion has been made, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553-54).

Both parties agree that there is no issue of genuine fact for purposes of these cross-motions. Because "the record discloses no material facts, or material inferences that may permissibly be drawn from those facts, over which reasonable [persons] could differ" concerning these motions, this issue is ripe for summary judgment. *Central Oil & Supply Corp. v. United States*, 557 F.2d 511 (5th Cir. 1977).

## LAW

Failure to pay a claim within sixty (60) days of "satisfactory proof of loss" when such failure is arbitrary, capricious, or without probable cause constitutes a breach of the insurer's duty of good faith and subjects the insurer to penalties pursuant to La. Rev. Stat. Ann. § 22:1220(B)(5). Failure to initiate loss adjustment of a property damage claim within thirty (30) days of notification of loss

---

[8] Def.'s Ex. P.

3

by the claimant can also subject the insurer to penalties under La. Rev. Stat. Ann. § 22:1220. La. Rev. Stat. Ann. § 22:658(B)(1).

La. Rev. Stat. Ann. §§ 22:658 and 22:1220 permit an insured to recover penalties when the insurer's conduct in handling the insured's claims was arbitrary, capricious, and without probable cause.

> The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.

*Sher v. Lafayette Ins. Co.*, ___ So.2d ___, 2008 WL 928486, *17 (La. 2008) (noting that both statutes require proof that insurers were unjustified without reasonable or probable cause in their failure to pay). "Whether a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Id.* at *18. This inquiry is factual. *Id.*; *see also Calogero v. Safeway Ins. Co. of Louisiana*, 753 So.2d 170 (La. 2000).

In *Broussard*, the federal district court considered State Farm's Motion For Summary Judgment on La. Rev. Stat. Ann. §§ 22:658 and 22:1220. *Broussard v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 2264535, *6 (E.D. La. 08/02/07). The plaintiffs submitted an unrebutted expert report concluding that they sustained wind damage of $232,062.13. *Id.* The plaintiffs also submitted evidence that, despite the State Farm adjuster's conclusion that the roof was "totaled," State Farm would not compensate the plaintiffs for damage resulting from wind or wind-driven rain that may have occurred below the water line, because the plaintiffs' property was also flooded. *Id.* Accordingly, the court denied summary judgment because the plaintiffs created a genuine issue of

fact as to whether the insurer knew it owed the plaintiffs more money for wind damage but refused to pay within thirty or sixty days of receipt of satisfactory proof of loss. *Id.* at *7.

In *Hartenstein v. State Farm Fire & Cas. Ins. Co.*, the court denied State Farm's motion for summary judgment on whether it acted arbitrarily, capriciously, or in bad faith. 2008 WL 2397713, *3 (E.D. La. 06/10/08). Noting that although summary judgment is appropriate when there is no evidence of an insurer's bad faith conduct, the plaintiff had presented evidence it provided State Farm with a report that the roof damage was caused by Hurricane Katrina and an estimate detailing the cost of repair. *Id.* State Farm then hired an expert that concluded the roof was damaged due to improper framing at the time of construction, and denied the claim. *Id.* Finding that the plaintiff provided a proof of loss that the insurer did not pay, the court concluded that summary judgment required a factual determination that it could not decide on the record presented. *Id.* In so holding, the court acknowledged that whether State Farm had a "reasonable basis to deny a portion of [the plaintiff's] claims is a factual determination that this Court, considering the record presented, cannot decide on a motion for summary judgment." *Id.*

## ARGUMENTS

RSUI argues that it reasonably relied on the enforceability of the anti-concurrence causation clause (hereinafter "ACC clause") in its policy to exclude coverage for property damage resulting from flood waters or a combination of flood and wind. RSUI relies upon Fifth Circuit case law that upheld a similar ACC clause. *See, e.g., Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419 (5th Cir. 2007). Nelson concluded that the total amount of property damage caused by wind was $5,065,505.[9] RSUI argues that because it made two payments totaling $10,745,681.18, and its expert concluded

---

[9] Def.'s Ex. P.

5

that the damage caused by wind totaled $5,065,505, it did not act in bad faith by determining that it did not owe any additional payments.

CPSB opposes RSUI's Motion. CPSB maintains that RSUI's reliance on Nelson is misplaced, and argues that the causation issues are "litigation-driven, after-the-fact excuses as to why CPSB's claim has not been paid." CPSB maintains that RSUI's failure to pay and/or make an offer to settle within the time periods articulated in La. Rev. Stat. Ann. §§ 22:658 and 22:1220 creates a genuine issue of whether RSUI acted in bad faith.

On October 14, 2005, RSUI's adjuster submitted a report to RSUI with an estimated net loss of $9.9 million.[10] The October 14, 2005 report stated that two locations did not receive any flood damage; however, RSUI did not pay for this damage until July 28, 2006.[11] CPSB also argues that even though RSUI's engineer Larry Jones issued a report making wind versus flood determinations, RSUI did not make a partial payment on the estimated wind loss until April 4, 2006.[12] Further, CPSB also argues that RSUI has not made any payments and/or offers to settle CPSB's contents losses, and CPSB provides evidence that Mr. Griffin acknowledged the receipt of CPSB's contents losses on July 18, 2006.[13]

In August 2007, Nelson began adjusting CPSB's loss. Nelson's reports characterizes the previously-issued reports of Mr. Jones–RSUI's initial engineer–as "vague and lacking evidence to

---

[10] Pl.'s Ex. A.

[11] Pl.'s Ex. B.

[12] Pl.'s Ex. G.

[13] Pl.'s Ex. N.

support the conclusions made."[14] CPSB thus argues that there is an issue of material fact as to RSUI's bad faith in retaining an engineer after litigation who criticized RSUI's previous expert reports as insufficient. RSUI issued two checks to CPSB totaling $10.7 million, and based on Nelson's estimates, now maintains that the total amount of property damage caused by wind was $5,065,505. Thus, RSUI's position is apparently that it overpaid CPSB, which CPSB argues is in bad faith.

## ANALYSIS

There is a genuine issue of material fact as to whether RSUI's failure to timely pay is arbitrary, capricious, or without probable cause. "Whether a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Sher*, 2008 WL 928486, at *18. This inquiry is factual. RSUI relies upon Nelson's adjustment to justify its failure to pay. Nelson did not begin adjusting until August 2007. CPSB filed suit in September 2006, and thus RSUI cannot now rely on Nelson's reports to justify its failure to pay prior to August 2007 because whether an action is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action.

As the record demonstrates, RSUI's adjusters had proof of loss that it did not pay within the thirty or sixty day time period. RSUI has also not paid and/or offered to settle CPSB's contents claim, which appears to have been received at least by July 18, 2006.[15] Whether the failure to pay is arbitrary, capricious, or without probable cause is a factual inquiry. CPSB presented a proof of loss that RSUI failed to pay within the required time periods. As in *Hartenstein*, whether RSUI had

---

[14] Pl.'s Ex. P.

[15] Pl.'s Ex. N.

7

a reasonable basis to deny coverage of the plaintiffs' claims is a "factual determination that this Court, considering the record presented, cannot decide on a motion for summary judgment;" accordingly,

IT IS ORDERED that RSUI's Motion For Partial Summary Judgment on the Issue of Bad Faith [doc. 25] is hereby DENIED.

Lake Charles, Louisiana, this 25 day of Sept, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE