U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

SEP 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 1970 |
| VS. | : | JUDGE MINALDI |
| RSUI INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37], filed by the plaintiff, Cameron Parish School Board (hereinafter "CPSB"). The defendant, RSUI Indemnity Company (hereinafter "RSUI"), filed an Opposition [doc. 52]. RSUI filed a Reply [doc. 80]. CPSB seeks a partial summary judgment ruling that, as a matter of law, the 2006 amendment to La. Rev. Stat. Ann. § 22:658 "applies to all amounts which are found to be due to Plaintiff after filing of Plaintiff's lawsuit and/or submission of Plaintiff's adjusting reports..."

## FACTS

CPSB carried a policy of commercial property insurance issued by RSUI that covered twelve properties.[1] The policy was in effect when Hurricane Rita struck on September 24, 2005.[2]

---

[1] Pl.'s Mem. in Support of Mot. For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37], at 1.

[2] *Id.*

1

Belfor was selected to perform repairs on CPSB's properties.[3] Based on reports from its adjuster, RSUI issued two checks to CPSB totaling $10.7 million.[4] On March 28, 2006, Engle Martin & Associates (hereinafter "Engle Martin") sent its second report to RSUI, stating "[w]e have conducted inspections at all the schools" in the district that suffered damages due to Hurricane Rita.[5] On July 6, 2006, Engle Martin sent its third report to RSUI, which included an audit of the Belfor repairs performed at Grand Lake High School and Hackberry High School.[6] On July 28, 2006, CPSB submitted its "Second Partial Sworn Proof of Loss," seeking $6,202,563.18 for damage caused by wind with resulting water damage to Grand Lake High School and Hackberry High School.[7] CPSB commissioned Tremaine Enterprises (hereinafter "Tremaine") to compile reports on its losses.[8]

CPSB filed suit on September 25, 2006 seeking recovery from RSUI for covered losses under the RSUI wind policy, as well as bad faith damages.[9] CPSB's petition states that it provided RSUI with satisfactory proof of loss and RSUI has inspected CPSB's properties.[10]

---

[3] Compl. ¶ 19 [doc. 1].

[4] *Id.*; *see also* Pl.'s Exs. A & B.

[5] Pl.'s Ex. B.

[6] *Id.*

[7] Pl.'s Ex. C.

[8] Pl.'s Exs. E & F. The dates listed on the bottom of these reports are June 30, 2007 and May 17, 2007, respectively.

[9] Pl.'s Mem. in Support of Mot. For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37], at 1.

[10] Compl. ¶ 36 [doc. 1].

CPSB concedes that any bad faith penalties surrounding the $10.7 million in payments are subject to the pre-2006 amounts.[11]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The movant bears the initial burden for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the motion. *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## LAW

After Hurricane Katrina, the Louisiana legislature amended La. Rev. Stat. Ann. § 22:658 twice by "substituting the words 'fifty percent' for 'twenty-five percent' and added 'as well as

---

[11] Pl.'s Mem. in Support of Mot. For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37], at 2.

3

reasonable attorney fees and costs...." *Sher v. Lafayette Ins. Co.*, __So.2d __, 2008 WL 928486, *8 (La. 2008). This amendment became effective on August 15, 2006. *Id.* It is well-established that the 2006 amendments are not retroactive. *See id.* Under La. Rev. Stat. Ann. § 22:658, a cause of action accrues when the insurer allegedly failed to make payment on an insured's property damage claim thirty days after receiving a satisfactory proof of loss. *Broussard v. State Farm Fire & Cas. Ins. Co.*, 2007 WL 2264535, *8 (E.D. La. 08/02/07) (finding the pre-amendment amount applied because, based on the plaintiffs' representation that they had submitted proof of loss "long before" filing suit on August 28, 2006, the fifty percent penalty provision was not enacted until after the insurer allegedly violated the statute). Moreover, proof of loss need not come from the insured, but may also come from the insurer's inspection of the property. *See Jonesboro Lodge v. Am. Central Ins. Co.*, 49 So.2d 740, 744 (La. 1950) (noting that proof of loss from the insured was unnecessary to hold the insurer liable for statutory penalties, where the insurer made an investigation and adjustment of the claim).

In *Sher*, the Louisiana Supreme Court articulated two situations in which the insured's claim could arise after the effective date. First, if the plaintiff did not make satisfactory proof of loss prior to the amendment of La. Rev. Stat. Ann. § 22:658, the petition for damages can serve as satisfactory proof, which triggers the thirty-day period. 2008 WL 928486, *9. *Sher* makes clear that the petition serves as satisfactory proof only when the plaintiff had not made satisfactory proof of loss prior to the petition. *See id.* Second,

> [B]ecause the duty is a continuing one, had plaintiff made satisfactory proof of loss prior to the amendment and had [the insurer] paid that claim, and had plaintiff discovered new damage and made satisfactory proof which [the insurer] failed to pay within the time period contained in the statute, but after the amendment became

4

effective, [the insurer] could have been subject to the penalties contained in the amendment because the claim would have arisen after the effective date of the amendment.

*Id.*

## ANALYSIS

CPSB seeks a partial summary judgment ruling that the 2006 amendment to La. Rev. Stat. Ann. § 22:658 "applies to all amounts which are found to be due to Plaintiff after filing of Plaintiff's lawsuit and/or submission of Plaintiff's adjusting reports..." CPSB argues that its petition, which was filed after the effective dates of the 2006 amendment, serves as proof of loss for all covered losses. CPSB thus argues that all prospective recovery is subject to the amended version of La. Rev. Stat. Ann. § 22:658. RSUI argues that CPSB's characterization of *Sher* is misplaced because in *Sher*, the court noted that had the plaintiff not first made satisfactory proof of loss before the suit, the plaintiff's petition "could have" served as satisfactory proof. *Sher*, at *7-8.

As the *Sher* court makes clear, the petition can serve as proof of loss if the plaintiff had failed to make satisfactory proof of loss prior to filing suit. 2008 WL 928486, *9. CPSB's argument that its petition served as proof of loss when RSUI had already initiated loss adjustment and CPSB had already filed proof of loss is misplaced. The petition may substitute for proof of loss when the plaintiff failed to make satisfactory proof of loss prior to filing suit. Proof of loss existed before CPSB filed suit, and thus the petition does not serve as proof of loss.

Alternatively, CPSB argues that its expert reports submitted after August 15, 2006 show "new damage." CPSB argues that under *Sher*, the newly reported loss arises after the effective date of the amendment. *See Sher*, 2008 WL 928486, at *9. CPSB argues that it submitted

5

reports describing additional losses after August 15, 2006. RSUI argues that the claims for penalties arose prior to the effective date of the amendment because they were inspected on multiple occasions and payments were made.

La. Rev. Stat. Ann. § 22:658 is triggered when and if the insurer fails to pay within thirty days after receiving satisfactory proof of loss. In *Henry v. Allstate*, the Eastern District of Louisiana noted that the right to recover arises "when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss." 2008 WL 821964, *2 (E.D. La. 3/26/08). Allstate alleged that § 22:658 was triggered after its inspection in October 2005. *Id.* The court found that the request for summary judgment was premature because the plaintiffs contended that they submitted a formal written proof of loss in August 2006, just before the amendment to § 22:658 became effective. *Id.*

Here, CPSB submitted a proof of loss for $6,202,563.18 on July 28, 2006.[12] The July 28, 2006 proof of loss represented Belfor's emergency repairs to Grand Lake High School and Hackberry High School.[13] By CPSB's own admission, RSUI tendered payment for $6,202,563.18 on July 31, 2008.[14] The July 28, 2006 proof of loss could not trigger the 2006 amendment amount because RSUI paid the claim ewithin thirty days of receiving satisfactory proof of loss.

CPSB also argues that its expert reports show new damage that triggers the amended version of the statute. CPSB has not met its summary judgment burden of demonstrating that

---

[12] Pl.'s Ex. C.

[13] *Id.*

[14] Pl.'s Ex. D.

there is no issue of material fact. Specifically, the expert reports do not show that CPSB requested coverage for newly discovered damage. CPSB's expert reports demonstrate a higher estimated replacement cost, but that is not synonymous with newly discovered damage. Thus, CPSB has not met its summary judgment burden of showing there is no issue of material fact as to when satisfactory proof of loss was submitted to RSUI; accordingly,

IT IS ORDERED that CPSB's Motion For Partial Summary Judgment as to the Applicability of the 2006 Amendment to La. Rev. Stat. Ann. § 22:658 [doc. 37] is hereby DENIED.

Lake Charles, Louisiana, this ___ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE