U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 16 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CAMERON PARISH SCHOOL BOARD | : | DOCKET NO. 2:06 CV 1970 |
| VS. | : | JUDGE MINALDI |
| RSUI INDEMNITY COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion For Clarification Regarding the Issue of FEMA Offset, [doc. 138], filed by the defendant, RSUI Indemnity Company. The plaintiff, Cameron Parish School Board (hereinafter "CPSB"), filed a Response opposing RSUI's motion [doc. 144].

On September 8, 2008, this Court issued a Memorandum Order addressing RSUI's Motion For Partial Summary Judgment Regarding Offset For Other Insurance, [doc. 27], and CPSB's Motion For Partial Summary Judgment as to Inapplicability of Defendant's Fifteenth Affirmative Defense of Offset [doc. 35]. In the Order, this Court granted RSUI's Motion insofar as "CPSB cannot recover under the RSUI policy for any damages for which CPSB has previously been compensated under its flood policy," because the purpose of an insurance policy is to place the owner in the same position as if no loss had taken place," and a "plaintiff whose property sustains damage from flood and wind can clearly recover for his segregable wind and flood damages except to the extent that he seeks to recover twice for the same loss."[1]

It is well-settled that Louisiana law forbids double recoveries from multiple insurance

---

[1] Mem. Order (Sept. 8, 2008) [doc. 110], at 3.

1

policies. RSUI seeks to extend this principle, which applies to private insurance contracts, to claim an offset from monies CPSB received or will receive from FEMA based upon a case from the Virginia Supreme Court[2] and the "Transfer of Rights of Recovery Against Others to Us" section of the applicable policy.[3] In its Memorandum in Support of Motion for Clarification, RSUI states "RSUI now respectfully requests clarification...that CPSB cannot re-characterize and 'double recover' alleged losses from RSUI that have already been allotted or promised from FEMA."[4]

The Policy states: "[i]f any person or organization to or for whom we make a payment under this Coverage Part has rights to recover damages from another, those rights are transferred

---

[2] *PMA Capital Ins. Co. v. US Airways, Inc., et al*, 271 Va. 352 (Va. 2006). In *PMA Capital Ins. Co.*, the Virginia Supreme Court considered whether an insurance policy required the proceeds received by US Airways pursuant to the Stabilization Act to reduce US Airways' claimed losses against PMA, where the Policy stated that losses claimed under the Policy must be reduced by "[a]ll salvages, recoveries, and payments,...received prior to a loss settlement." *Id.* at 359-61. The Virginia Supreme Court held that the plain language of the Policy and the language of the Stabilization Act indicate that proceeds US Airways received from the federal government constitute "salvages, recoveries, and payments" such that they should reduce US Airways' claimed losses against PMA under the Policy. *Id.* at 360-61.

*PMA Capital* is distinguishable. The RSUI Policy requires offset when the insured "has rights to recover damages from another," unlike the Policy in *PMA Capital*, where the insurer required recovery to be reduced by "[a]ll salvages, recoveries, and payments,...received prior to a loss settlement." Moreover, the Virginia Supreme Court also based its ruling on the language of the Stabilization Act, which was passed "to compensate air carriers for losses incurred by the air carriers as a result of the terrorist attacks on the United States that occurred on September 11, 2001." *Id.* at 360. The *PMA Capital* court noted that the Stabilization Act funds were a form of recovery, and that US Airways was "required to reduce its claim for business interruption losses by the amount of funds received from the federal government." *Id.* at 361.

[3] Def.'s Mot. in Opposition to Pl.'s Mot. For Partial Summ. J. as to Inapplicability of Offset [doc. 53], at 6-7.

[4] Def.'s Mem. in Support of Mot. For Clarification [doc. 138], at 1.

to us to the extent of our payment."[5] The policy language provides for offset when the insured "has rights to recover damages from another." RSUI has not demonstrated that CPSB has a "right to recover damages" from FEMA, and as such, RSUI is not entitled to receive an offset for FEMA funds. RSUI has not met its summary judgment burden of demonstrating that it is entitled to an offset for FEMA funds as a matter of law; in fact, RSUI does not present evidence of any FEMA payments, nor does it cite any case law where an insurer was entitled to receive an offset from FEMA payments; accordingly,

IT IS ORDERED that RSUI's Motion For Clarification Regarding the Issue of FEMA Offset, [doc. 138], is hereby GRANTED, and this Court's September 8, 2008 Memorandum Order is clarified as follows: RSUI is not entitled to an offset for FEMA payments that CPSB has received or may receive in the future.

Lake Charles, Louisiana, this 15 day of Oct, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] RSUI UW 0031.