U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAMERON PARISH SCHOOL BOARD** | : | **DOCKET NO. 2:06 CV 1970** |
| VS. | : | JUDGE MINALDI |
| **RSUI INDEMNITY COMPANY** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is the a Motion to Exclude Damages Under the Applicable Anti-Concurrent Causation Clause (hereinafter "ACC"), filed by the defendant, RSUI Indemnity Company's (hereinafter "RSUI") [doc. 137]. The plaintiff, Cameron Parish School Board (hereinafter "CPSB"), filed an Opposition [doc. 143].

On August 23, 2008, this Court granted RSUI's Motion For Partial Summary Judgment[1] and held that the Policy's ACC clause was unambiguous and enforceable.[2] The parties' ACC clause excludes "loss or damage caused directly or indirectly by [water]. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss."[3]

Based upon this Ruling, RSUI seeks to exclude "evidence regarding damages below the undisputed storm surge levels (and any undisputed items damaged by flood/surge waters above

---

[1] [doc. 24].

[2] Mem. Ruling (Aug. 23, 2008) [doc. 95].

[3] *Id.* at 2.

1

these levels resulting from wave action, run-up, and/or the effects of standing waters)."[4] RSUI notes that there is a dispute as to the amount of storm surge at the properties as a result of Hurricane Rita, and that evidence of damage below the storm surge level estimate of CPSB's expert should be excluded. RSUI contends that these damages should be excluded as a matter of law because CPSB's claim is limited to damages occurring exclusively from wind. RSUI further maintains that permitting this evidence at trial will confuse the jury.

CPSB opposes RSUI's motion. CPSB argues that this Court's ACC clause ruling does not preclude CPSB from introducing evidence of damage below the flood line. CPSB argues that RSUI erroneously assumes that all damage below the flood line was caused by both wind and flood waters, which is disputed. CPSB thus argues that causation is a factual issue for the jury based upon each party's experts. It is CPSB's position that some of its properties were completely destroyed by hurricane-force winds before any storm surge reached the properties, and recovery is therefore not barred by the ACC clause. CPSB attaches evidence that its properties began experiencing hurricane-force winds before a storm surge to bolster its argument that the damage was caused exclusively by wind.[5] CPSB further argues that the flood lines are not undisputed.[6]

This Court's August 23, 2008 Memorandum Ruling made clear that the parties' ACC

---

[4] RSUI's Proposed Order.

[5] Pl.'s Exs. B, C.

[6] CPSB states that RSUI submitted its motion without mention of Charles Norman's expert opinions. "Simply ignoring those expert opinions does not make them cease to exist. This significant and glaring omission by RSUI in its Motion is inexplicable." Pl.'s Mem. in Opp., at 4.

2

clause is enforceable. Issues of contract interpretation are issues of law, and are therefore appropriately decided by the Court. Here, however, the parties dispute whether CPSB's damages were caused exclusively by wind, exclusively by flood, or caused by wind "concurrently or in any sequence with water."[7] Because causation is an issue of fact for the jury,

IT IS ORDERED that RSUI's Motion to Exclude Damages Under the Applicable Anti-Concurrent Causation Clause [doc. 137] is hereby DENIED.

Lake Charles, Louisiana, this 28 of October, 2008.

PATRICIA H. MINALDI
UNITED STATES DISTRICT JUDGE

---

[7] *See Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 430-31 (5th Cir. 2008).