U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAMERON PARISH SCHOOL BOARD** | : | **DOCKET NO. 2:06 CV 1970** |
| **VS.** | : | **JUDGE MINALDI** |
| **RSUI INDEMNITY COMPANY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Motion in Limine to exclude testimony that RSUI paid for non-covered losses included in the Belfor repair invoices and/or that RSUI overpaid such that RSUI is entitled to a credit for overpayment, filed by CPSB [doc. 102]. RSUI filed an Opposition [doc. 112]. CPSB filed a Reply [doc. 146].

## FACTS

CPSB seeks to exclude testimony that RSUI paid for non-covered losses included in the Belfor repair invoices and/or that RSUI overpaid such that RSUI is entitled to a credit for overpayment. Although the parties agreed that Belfor would also perform non-covered work, Gerry Griffin, RSUI's adjuster, was responsible for reviewing the information to prevent non-covered work from appearing on RSUI's invoices.[1] RSUI was to issue a check to CPSB, who in turn, would pay Belfor.[2] In his third Report, Mr. Griffin recommended that RSUI tender $6,202,563.18 for repairs

---

[1] Pl.'s Ex. A (Griffin Dep.), at 84.

[2] *Id.* at 82-83.

1

Belfor performed at Grand Lake and Hackberry High Schools.[3]

## ANALYSIS

An unconditional tender is made to a plaintiff "not in settlement of the case, but to show [the insurer's] good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured." *McDill v. Utica Mut. Ins. Co.*, 475 So.2d 1085, 1091-92 (La. 1985). When an insurance company makes a tender to satisfy the good faith requirements of La. Rev. Stat. Ann. 22:658(A)(1), the tender must be unconditional with "no strings attached." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 18 (La. 5/15/01); 785 So.2d 779, 791-93 (noting that for a tender to be valid, it must be unconditional). An unconditional tender is not recoverable. *Id.*

An insurer makes an unconditional tender as to the amount of the claim that is undisputed, where there is a portion of the claim that is reasonably disputed, to avoid the imposition of penalties and attorney's fees. *Id.* at 791-92 (noting that "[t]he tender served to place defendant in such a position as to avoid penalties and attorney's fees if, after trial, it is ultimately proven that coverage under the policy existed").

In *State Farm Mutual Automobile Insurance Company v. Azhar*, the Louisiana Supreme Court considered whether an insurer could sue the insured to recover monies the insurer unconditionally tendered pursuant to La. Rev. Stat. Ann. 22:658, after a jury determined the insurer owed less than the amount of the tender. 93-0556; 620 So.2d 1158 (La. 7/1/93). The *Azhar* court determined that, as *McDill* requires, the insurer's tender was unconditional because the letter accompanying the check stated it was "a good faith unconditional tender..." *Id.* at 1159. Adopting

---

[3] Def.'s Ex. F, at 3.

2

the dissent's position in *United Services Auto. Assoc. v. Dugas*, 91-68 (La. Ct. App. 4 Cir. 1/30/92); 593 So.2d 918,[4] the court noted that the purpose of La. Rev. Stat. Ann. 22:658 is to issue the timely payment of the portion of the claim that is due so the insured can immediately use the funds to alleviate the damage. *Id.* The Louisiana Supreme Court thus concluded that the insurer could not recover its unconditional tender, absent fraud or ill practices. *Id.* at 1160 (noting that when the insurer's unconditional tender is in excess of what a jury finds is due, it represents a possible error in the insurer's or the jury's judgment, but is not recoverable).

Although the situation before this Court is slightly different than the situation that arose in *Azhar*, this Court finds *Azhar* controlling. Here, CPSB essentially seeks to prevent RSUI from reviewing its $6.2 million payment for Belfor's repair work to Grand Lake and Hackberry schools for an overpayment or payment for non-covered losses. Presumably, RSUI would try and reallocate its "overpayment" to cover other damage incurred by CPSB. Although in *Azhar* the insured sought reimbursement and here RSUI would seek a reallocation, the Court finds the scenarios analogous in that in both cases the insurer sought to recoup a portion of the unconditional tender it issued pursuant to La. Rev. Stat. Ann. 22:658(A)(1).

CPSB argues that RSUI tendered the $6.2 million without any reservation of rights or other conditions.[5] RSUI argues that payments were "partial advances" and not unconditional payments, such that RSUI is entitled to a credit for overpayment. RSUI also argues that it tendered the payment

---

[4] RSUI relies on the majority opinion articulated in *Dugas*, which the Louisiana Supreme Court implicitly overruled in *Azhar* by adopting the *Dugas* dissent. *See Azhar*, 620 So.2d at 1159.

[5] *See, e.g.,* Pl.'s Ex. E (Koski Dep.), at 86-88.

3

under the impression that any "overpayments" could be "revisited at a later date."[6] RSUI further argues that Nelson Architectural Engineers ("NAE"), retained by RSUI for this litigation more than a year and a half after the $6.2 million payment was issued, has since reviewed the Belfor invoices and concluded that RSUI overpaid on those invoices by almost $4,000,000.[7] Thus, RSUI intends to introduce evidence of overpayment at trial and to seek a credit for such overpayments.

There is no evidence that RSUI issued the $6.2 million as a credit or an advance. The evidence submitted by the parties indicates that Mr. Griffin was responsible for ensuring the non-covered items were removed from the Belfor invoices, and that Mr. Griffin actually did remove items from the Belfor invoices.[8] The deposition testimony from RSUI claims supervisor and designated corporate representative Mike Koski further indicates that RSUI would not have issued a disputed payment without issuing a reservation of rights.[9] Further, when RSUI issues a reservation of rights with a payment, the insured is sent a letter explaining that RSUI is making a reservation, and the basis for that reservation.[10] Mr. Koski indicated that he "did not recall seeing a reservation of rights letter in the file," and if RSUI issued a reservation, it should appear in the file.[11] Another RSUI executive, Daniel Durban, testified that if Mr. Griffin had a problem with pricing or coverage of the Belfor repairs, he would expect Mr. Griffin to resolve those issues before submitting an invoice for

---

[6] Def.'s Ex. 1 (Griffin Aff.)

[7] Def.'s Ex. 2.

[8] Pl.'s Ex. H (Kitchel Dep.), at 97.

[9] Pl.'s Ex. E (Koski Dep.), at 75.

[10] *Id.* at 75-76.

[11] *Id.*

4

payment, and the fact that Mr. Griffin submitted the invoices indicates that the work was satisfactory.[12] Mr. Durbin further stated that if Mr. Griffin "caught some things that were not covered, then he would have eliminated them and not proceeded to recommend to me to pay for them."[13]

Moreover, Mr. Griffin's July 6, 2006 letter recommending that RSUI issue the $6.2 million payment states that "we have throughly reviewed and audited the Belfor repair costs."[14] For RSUI to now engage in post-hoc arguments that it is entitled to a credit for overpayments or non-covered items is unsupported by the deposition testimony of its own executives and by applicable law. The only evidence RSUI submits to support its position is Mr. Griffin's September 12, 2008 affidavit that states "Mr. Griffin was aware that such overpayments, once identified, could be revisited at a later date."[15]

This Court finds there is no evidence that the $6.2 million payment was anything but an unconditional tender as is required pursuant to La. Rev. Stat. Ann. 22:658. The Louisiana Supreme Court has made it clear that unconditional tenders are not recoverable, even if they are in excess of a jury's award of damages, absent fraud or ill practices. There is no evidence of fraud or ill practices. Because this Court finds that RSUI's $6.2 million payment was an unconditional tender and is therefore not recoverable as is required pursuant to La. Rev. Stat. Ann. 22:658, evidence pertaining

---

[12] Pl.'s Ex. G (Durbin Dep.), at 113-14.

[13] *Id.* at 116.

[14] Pl.'s Ex. F.

[15] Def.'s Ex. 1 (Griffin Dep.)

to overpayment or payment for non-covered losses as to Hackberry and Grand Lake High School is not relevant; accordingly,

IT IS ORDERED that CPSB's Motion in Limine to exclude testimony that RSUI paid for non-covered losses included in the Belfor repair invoices and/or that RSUI overpaid such that RSUI is entitled to a credit for overpayment [doc. 102] is hereby GRANTED.

Lake Charles, Louisiana, this 19 day of Nov, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE