U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

NOV 2 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CAMERON PARISH SCHOOL BOARD** | : | DOCKET NO. 2:06 CV 1970 |
| VS. | : | JUDGE MINALDI |
| **RSUI INDEMNITY COMPANY** | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is RSUI's Motion in Limine to exclude evidence on replacement cost values (hereinafter "RCV") for alleged damages that have not been repaired [doc. 183]. CPSB filed an Opposition [doc. 187]. RSUI filed a Reply [doc. 201].

## FACTS

Pursuant to the Policy, RSUI will pay actual cash value (hereinafter "ACV") at the time of loss or damage.[1] The Policy also provides for optional coverages, which permit the insured to recover RCV rather than ACV if certain conditions are satisfied.[2] If CPSB elects to have loss settled on an actual cash value, CPSB may still make a claim for RCV within 180 days after the loss or damage.[3] Further, the Policy states:

> d. We will not pay on a replacement cost basis for any loss or damage:
> (1) Until the lost or damaged property is actually repaired or replaced; and
> (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

---

[1] Def.'s Ex. 1 (RSUI-CPSB Policy), at 10.

[2] *Id.* at 12.

[3] *Id.*

e. We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2), or (3), subject to f below:
    (1) The Limit of Insurance applicable to the lost or damaged property;
    (2) The cost to replace the lost or damaged property with other property:
        (a) of comparable materials and quality; and
        (b) used for the same purpose; or
    (3) The amount actually spent that is necessary to repair or replace the lost or damaged property.[4]

## ANALYSIS

RSUI seeks to exclude from evidence RCV for alleged damages that have not been repaired. RSUI argues that the Policy unambiguously provides that RSUI will not pay RCV "until the lost or damaged property is actually repaired or replaced." RSUI thus seeks to exclude RCV calculations for damages that have not been repaired or replaced.

CPSB argues that RSUI's failure to pay ACV entitles CPSB to RCV payment. CPSB argues that although the Policy provides that RCV is not available until repairs are actually made, RSUI's failure to pay ACV rendered CPSB unable to make the required repairs. CPSB further asserts that RSUI's failure to pay ACV waives CPSB's condition precedent to actually make the repairs before RSUI is obligated to make RCV payments. Thus, CPSB's position is that "the condition precedent is deemed fulfilled and CPSB is entitled to RCV payment" for repairs that have not been completed. CPSB also argues that RCV is necessary to calculate ACV, given the Fifth Circuit's recognition that ACV is calculated by determining RCV and subtracting depreciation.[5]

The parties agree that under the Policy, if the jury finds that RSUI owes CPSB additional

---

[4] *Id.* at 12-13.

[5] *See Real Asset Mgmt., Inc. v. Lloyd's of London*, 61 F.3d 1223, 1228 n.7, 1230 (5th Cir. 1995) (stating that "'actual cash value' is defined as the reproduction cost less depreciation").

2

payments for repairs already made, CPSB would be entitled to RCV. This Court finds that the Policy, which is the law between the parties,[6] provides that RSUI will not pay RCV "until the lost or damaged property is actually repaired or replaced." Thus, CPSB's argument that "the condition precedent is deemed fulfilled and CPSB is entitled to RCV payment" is unavailing. This Court also finds that RCV is admissible for damages that have not been repaired because RCV is an essential component of calculating ACV. This Court declines to rule on whether CPSB can seek further RCV payments following the completion of repairs if such repairs occur after trial, because this issue is both premature and speculative; accordingly,

IT IS ORDERED that RSUI's Motion in Limine [doc. 183] is hereby DENIED in part and GRANTED in part. CPSB may introduce evidence of RCV for damages that have not been repaired for purposes of calculating ACV, but CPSB may not recover RCV at trial for damages that have not been repaired, pursuant to the unambiguous terms of the parties' Policy.

Lake Charles, Louisiana, this 25 day of November 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] La. Civ. Code art. 1983.

3